IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY CLARK, : |
|     Plaintiff, : |
| : |
| v. : | CIVIL ACTION NO. 19-CV-2531 |
| : |
| JOHN DOE-HERNANDEZ, *et al.*, : |
|     Defendants. : |

**MEMORANDUM**

**SCHMEHL, J.** /s/ JLS                                                                           JUNE 20, 2019

Plaintiff Mark Anthony Clark brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on events that occurred while he was incarcerated as a pretrial detainee at the Chester County Prison.[1] Clark names the following Defendants: (1) Correctional Officer Hernandez; (2) Correctional Officer Taylor; (3) Correctional Officer White; (4) Lieutenant Mastnjak; (5) Nurse Ashley Harrington; (6) Nurse Practitioner Martha Champlin; (7) Corporal Lanes; (8) Nurse John Doe; (9) "Prime Care Health Department"; (10) Warden Edward McFadden; and (11) Chester County Prison. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis*, dismiss certain of his claims, and allow other claims to proceed at this time.

**I. FACTS**

Clark asserts excessive force claims based on events that occurred on May 15, 2018, when he was apparently being taken to the restricted housing unit following an incident on his block.[2] He alleges that "[a] code was called and [he] was restrained and placed in handcuffs."

---

[1] Clark is currently incarcerated at SCI Frackville.

[2] Clark does not describe the incident that led to his extraction from the unit.

1

(Compl. at 9.)[3] Clark alleges that he was forced off Q-block and made to walk backwards down the corridor. Defendants Lanes and Taylor held Clark's arms in the air behind his head, which forced him to lean forward as he was being required to walk backwards. Defendants Mastnjak and White were present as well. While Clark was walking backwards, his sneakers and socks came off.

The officers forced Clark to the ground. He felt pressure to his right eye and his vision blurred. Hernandez then punched Clark in the face multiple times. Clark was then forced into a cell where Hernandez and the other officers slammed him to the floor, pulled him to his feet, and slammed him into a wall. Clark's arms were again raised above his head and Hernandez punched him in the face again. Clark was left in the cell. He describes a situation where his arms were grinding against the door because the cuffs were stuck in the slot of the door, which caused pain to his arms. He called out that he could not feel his shoulders and was pushed forward, collapsing onto the floor.

Moments later, Clark heard Nurse Harrington ask whether he could sit up so she could clean his arms. Clark replied that he could not sit up because his head was spinning, to which Nurse Harrington replied, "your head is always spinning." Harrington asked him to sit up again and he again replied that he could not. Clark heard someone say, "go get the paperwork so we can sign it as a refusal." Someone opened the door, removed Clark's handcuffs, and left him bleeding on the cell floor.

It appears that Clark was taken to the medical department some time between ten and twelve hours later for injuries to his forearms and a laceration over his rights eye. He was told

---

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

the swelling around his eye would decrease on its own and the discoloration to his eye would resolve over time. (*Id.* at 12.) Clark was "seen by medical every two to three days to clean [his] injuries and change [his] bandages." (*Id.* at 10.) Clark alleges that after the first week of care, he was only seen three times even though he alleges he was supposed to be seen daily. He was taken off of "wound care," but he was put back on after writing to inmate services. (*Id.*) Clark alleges that his wounds were not treated properly, apparently because he wanted his bandages changed more frequently. He alleges that "[i]t took a month of treatment on and off from the medical department for the deep and bleeding lacerations on both of [his] forearm[s] to heal." (*Id.* at 12.)

Clark alleges that the day after the incident, he was informed by an officer that he was scheduled for court. Clark had just showered, so he informed the officer that his bandages were wet and bloody and needed to be changed. The officer called the medical department. Nurse Doe arrived and stated that he was going to reinforce Clark's old bandage. The nurse wrapped a new bandage over one of the old bandages. He checked Clark's other bandage and said it would be fine. Clark alleges that his bandages were still dirty.

As relief, Clark seeks compensatory and punitive damages. He also wants the Chester County Prison to "develop a more adequate system to provide better access to better or enhance[d] medical treatment." (*Id.*) Clark would also like Prime Care to retrain its staff.

## II. STANDARD OF REVIEW

The Court grants Clark leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. §

---

[4] However, as Clark is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Court concludes that Clark has failed to state a claim against Defendants Harrington, Champlin, Doe, Prime Care, McFadden, and the Chester County Prison. However, he will be permitted to proceed on his claims against Hernandez, Taylor, White, Mastnjak, and Lanes.

#### A. Claims Against the Chester County Prison

Clark cannot state a claim against the Chester County Prison under § 1983 because a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). Accordingly, the Court will dismiss Clark's claims against the Chester County Prison with prejudice.

**B. Claims Against Warden McFadden**

The Complaint contains almost no allegations against Warden McFadden. The only reference to the Warden is Clark's allegation that he wrote to the Warden to appeal a denial of a grievance he filed about the use of force, and that the Warden did not reply. (Compl. at 15-16.) However, Clark cannot state a claim against the Warden based on that allegation because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the Court will dismiss Clark's claims against McFadden with prejudice.

**C. Claims Against Nurses Harrington and Doe and Nurse Practitioner Champlin**

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[5] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

---

[5] As Clark was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan,* 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Clark has not stated a claim against any of the medical defendants. He has not raised any allegations at all against Champlin, so he clearly has not provided a basis for a claim against her. As to Harrington, she attempted to clean Clark's arms shortly after the incident, but he felt too dizzy to sit up. He was seen ten or twelve hours after for wound care. The Complaint does not plausibly allege that Clark's condition necessitated more immediate medical treatment such that Harrington's actions could be considered deliberate indifference. The basis for Clark's claim against Nurse Doe appears to be his belief that Doe should have changed both bandages before Clark left for court rather than reinforcing one and leaving the other. But the facts alleged indicate that Nurse Doe looked at the bandage and concluded it was fine. Even if it the bandage were not as clean as Clark would prefer or not changed as frequently as he would have liked, nothing in his allegations suggests that Doe consciously disregarded a serious health risk to

6

Clark. Rather, Clark disagrees with Doe's medical conclusions as to what level of care was required related to his bandages.

Notably, Clark's allegations make clear that he received regular medical treatment for his wounds and that medical staff evaluated him on many occasions. While Clark may have disagreed with their decisions about the extent or frequency of treatment, he has not alleged any facts from which one could plausibly infer that his medical needs were regarded with deliberate indifference. Accordingly, the Court will dismiss Clark's claims against Champlin, Doe, and Harrington.

### D. Claims Against Prime Care

A private corporation under contract to provide prison health services may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). As noted above, Clark has failed to allege facts to plausibly establish that anyone acted with deliberate indifference to his serious medical needs. But even if he had, Clark has not alleged any facts suggesting that a policy or custom of Prime Care caused any of the claimed constitutional violations. Accordingly, he has not stated a claim against Prime Care.

### E. Claims Against Remaining Defendants

Clark brings excessive force claims against Defendants Hernandez, Taylor, White, Mastnjak, and Lanes. A pretrial detainee claiming a Fourteenth Amendment violation must establish that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S.

7

520, 538 (1979). To state a due process violation based on excessive force, a detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

Taking Clark's allegations as true, as the Court is obligated to do at this stage of the litigation, Clark will be permitted to proceed on his excessive force claims against Defendants Hernandez, Taylor, White, Mastnjak, and Lanes, based on the events of May 15, 2018.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Clark leave to proceed *in forma pauperis*, dismiss his claims against the Chester County Prison and McFadden with prejudice, and dismiss his claims against Harrington, Champlin, Doe, and Prime Care without prejudice. Clark may file an amended complaint in the event he seeks to amend his claims against Harrington, Champlin, Doe, and Prime Care. If he chooses not to file an amended complaint, the Court will direct service on Defendants Hernandez, Taylor, White, Mastnjak, and Lanes only. An appropriate order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**