IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK ANTHONY CLARK,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 19-CV-2531** |
| : | |
| **JOHN DOE-HERNANDEZ,** *et al.*, : | |
| Defendants. : | |

# ORDER

AND NOW, this 20th day of June, 2019, upon consideration of Plaintiff Mark Anthony Clark's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Mark Anthony Clark, #KS-4026, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Frackville or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Clark's inmate account; or (b) the average monthly balance in Clark's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Clark's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Clark's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Frackville.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Clark's claims against Defendants Chester County Prison and Warden Edward McFadden are **DISMISSED with prejudice**, and his claims against Harrington, Champlin, Doe, and Prime Care are **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. Clark is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim against Harrington, Champlin, Doe, and Prime Care. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Clark's claims against each defendant, and shall bear the title "Amended Complaint" and the caption 19-2531. If Clark files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Clark's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Clark should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. If Clark does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Hernandez, Taylor, White, Mastnjak, and Lanes only. Clark may also notify the Court that he seeks to proceed on these claims rather than file an amended

complaint. If he files such a notice, Clark is reminded to include the case number for this case, 19-2531.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**